NOT FOR PUBLICATION                                            [Dkt. No. 5]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARC CASANOVA, | |
| Plaintiff, | |
| v. | Civil No. 09-0054 (RMB) |
| GERTRUDE GETTLE, | **MEMORANDUM & ORDER** |
| Defendant, | |
| v. | |
| THE UNITED STATES ARMY/DEPARTMENT OF DEFENSE, U.S. GOVERNMENT FLEET MANAGEMENT, and CARL RUBIN, | |
| Third-Party Defendants. | |

THIS MATTER having come before the Court upon a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), filed on January 22, 2009 by Third Party Defendants The United States Army/Department of Defense, U.S. Government Fleet Management, and Carl Rubin (collectively, the "Federal Defendants"); and

THE COURT NOTING that any opposition to this motion was due by February 2, 2009, and that on February 9, 2009, counsel for Defendant Gettle represented that such opposition would be

1

forthcoming, yet, to date, Defendant Gettle has not filed any opposition; and

THE COURT FURTHER NOTING that the original Complaint filed by Plaintiff Casanova in the Superior Court, Burlington County, New Jersey, alleges that Defendant Gettle negligently operated her vehicle so as to collide with a government-owned vehicle driven by Defendant Rubin and in which Casanova was riding, thereby proximately causing injury to Casanova; and

THE COURT FURTHER NOTING that Defendant Gettle alleges via third-party complaint that she is entitled to indemnity and contribution from the Federal Defendants to the extent that she is found to be liable for the alleged injuries of Casanova; and

THE COURT FURTHER NOTING that the state case was removed to this Court on January 6, 2009[1]; and

THE COURT FURTHER NOTING that while the United States, as sovereign, is generally immune from suit, U.S. v. Testan, 424 U.S. 392, 399 (1976), under the Federal Tort Claims Act, a claimant may bring suit against the United States for alleged negligence of federal employees, provided that the injured party complies with the conditions of the Act and brings suit within its terms, see 28 U.S.C. § 1346(b); and

THE COURT FURTHER NOTING that "the Government is not liable

---

[1] The Court notes that prior to the removal of the case to this Court, Defendant Rubin was dismissed from the case on December 12, 2008 by order of the Hon. Marc M. Baldwin, J.S.C..

under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service[,]" Feres v. United States, 340 U.S. 135, 146 (1950); and

THE COURT FURTHER NOTING that "the [Federal Tort Claims] Act also covers claims for contribution which would be due from the Government if the Government were a private individual[,]" United States v. Yellow Cab Co., 340 U.S. 543, 548 (1951); and

THE COURT FURTHER NOTING that the decisions of Feres and Yellow Cab were reconciled in Stencel Aero Engineering Corp. v. United States, 431 U.S. 666, 674, where the Supreme Court held that "the right of a third party to recover in an indemnity action against the United States recognized in Yellow Cab, must be held limited by the rationale of Feres where the injured party is a serviceman[;]" and

THE COURT FURTHER NOTING that at the time of the accident, both Casanova and Rubin were sergeants in the United States Army on active duty orders (see Decl. of Ralph D. Heaton, Major, United States Army, dated January 14, 2009, ¶¶ 5, 9); and

THE COURT FURTHER NOTING that when the accident occurred, Casanova was being driven by Rubin in a government-owned vehicle with other soldiers, from his daily assignment on a live fire military range, back to the place of lodging provided by the United States Army (see id. ¶ 7); and

3

THE COURT FINDING that, based on these facts, Casanova's injuries from the accident arise out of or are in the course of activity incident to service and, therefore, any tort claims for recovery of such injuries are barred by the Feres doctrine, see e.g., Kohn v. United States, 680 F.2d 922, 925 (2d Cir. 1982) (Feres barred claim where injury arose while service member was on duty); Costo v. United States, 248 F.3d 863, 868 (9th Cir. 2001) (Feres barred claim where injury arose during military activity related to the service member's membership in the military); and

THE COURT FURTHER FINDING that because Gettle's claims against the Federal Defendants for indemnification and contribution for Casanova's injuries are derived solely from tort claims barred by the Feres doctrine, her claims are likewise barred under Stencel, 431 U.S. at 674, and must be dismissed for lack of subject matter jurisdiction; and

THE COURT FURTHER FINDING that in light of the dismissal of the claims against the Federal Defendants, and there being no other allegation of subject matter jurisdiction, this Court does not have subject matter jurisdiction over the remaining claim;

IT IS HEREBY **ORDERED** that the Federal Defendants' motion to dismiss is **GRANTED**; and

IT IS FURTHER **ORDERED** that the above-captioned matter is **REMANDED** to the Superior Court, Burlington County, New Jersey.

Dated:   February 17, 2009          s/Renée Marie Bumb
                                    RENÉE MARIE BUMB
                                    United States District Judge